IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| STEPHANIE MCLEAN, | Case No. _____ |
| Plaintiff, | Judge _____ |
| v. | Magistrate Judge _____ |
| MUSCLEPHARM CORPORATION, | Removed from the Chancery Court of Williamson County, Tennessee |
| Defendant. | Docket No. 44181 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant MusclePharm Corporation hereby provides notice of removal of this action from the Chancery Court for Williamson County, Tennessee, to the United States District Court for the Middle District of Tennessee, at Nashville. As grounds for removal, Defendant states as follows:

1. On May 27, 2015, an action was commenced in the Chancery Court for Williamson County, Tennessee, styled <u>Stephanie McLean v. MusclePharm Corporation</u>, Docket No. 44181.

2. A summons was issued to Plaintiff for Defendant on May 27, 2015.

3. In her Complaint, plaintiff Stephanie McLean avers that she is a resident of Lewisburg, Tennessee.

4. Defendant MusclePharm Corporation is a Nevada corporation with a principal place of business located in Denver, Colorado.

5. There is complete diversity of citizenship between Plaintiff and Defendants.

6. In her prayer for relief in the Complaint, Plaintiff requests a judgment not to exceed One Hundred Thousand Dollars ($100,000). Based on this prayer for relief and the

averments of the Complaint, the amount in controversy between the parties is in excess of $75,000.00.

7. Given that there is complete diversity of citizenship between the parties and an amount in controversy greater than $75,000.00, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

8. Less than thirty (30) days have expired since the Defendants received a copy of the summons and Complaint. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on Plaintiff's counsel and upon the Clerk and Master of Williamson County, Tennessee. Those copies are attached hereto as Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint in this action is attached hereto as Exhibit B.

By filing this Notice of Removal, Defendant does not waive, either expressly or impliedly, its right to assert any defenses that the Defendant could have asserted in the Chancery Court for Williamson County, Tennessee. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant requests that this civil action be removed in its entirety from the Chancery Court of Williamson County, Tennessee, to the United States District Court for the Middle District of Tennessee, at Nashville; that this Court assume full jurisdiction of this cause; and that this Court take all further action deemed just and proper.

CORNELIUS & COLLINS, LLP

By: s/ Rebecca Wells Demaree
Rebecca Wells Demaree (#13994)
Pele I. Godkin (#22850)
Suite 1500, Nashville City Center
511 Union Street
P. O. Box 190695
Nashville, Tennessee 37219
(615) 244-1440

## CERTIFICATE OF SERVICE

The foregoing instrument has been served via U.S. Mail, postage prepaid, on this 22nd day of June, 2015, to the following:

Mathew R. Zenner
McCune Zenner Happell, PLLC
5200 Maryland Way, Suite 120
Brentwood, Tennessee 37027
*Attorney for the Plaintiff*

Rebecca Wells Demaree

IN THE CHANCERY COURT FOR WILLIAMSON COUNTY
STATE OF TENNESSEE

STEPHANIE MCLEAN, )
 )
    Plaintiff, )
 )
v. ) No. 44181
 ) JURY DEMAND
MUSCLEPHARM CORPORATION, )
 )
    Defendant. )
 )

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

TO:    Williamson County Clerk & Master
135 4th Ave S. #236
Franklin, Tennessee 37064

Mathew R. Zenner
McCune Zenner Happell, PLLC
5200 Maryland Way, Suite 120
Brentwood, Tennessee 37027

PLEASE TAKE NOTICE that on June 16, 2015, the Defendant, MusclePharm Corporation, filed in the United States District Court for the Middle District of Tennessee, at Nashville, a Notice of Removal of the case of <u>Stephanie McLean v. MusclePharm Corporation</u>, Docket No. 44181. A copy of the Notice of Removal is submitted herewith for filing and incorporated herein by reference.

EXHIBIT A

Respectfully submitted,

*[signature: Rebecca Wells Demaree]*

Rebecca Wells Demaree (#13994)
Pele I. Godkin (#22850)
Cornelius & Collins, LLP
Suite 1500, Nashville City Center
511 Union Street
P. O. Box 190695
Nashville, Tennessee 37219
(615) 244-1440

## CERTIFICATE OF SERVICE

The foregoing instrument has been served via U.S. Mail, postage prepaid, this 22nd day of June, 2015, on the following:

Mathew R. Zenner
McCune Zenner Happell, PLLC
5200 Maryland Way, Suite 120
Brentwood, Tennessee 37027
*Attorney for the Plaintiff*

*[signature]*
Rebecca Wells Demaree

2

IN THE CHANCERY COURT OF WILLIAMSON COUNTY
STATE OF TENNESSEE

| | |
|---|---|
| STEPHANIE McLEAN | ) |
| Plaintiff, | ) |
| v. | ) No. 441818 |
| MUSCLEPHARM CORPORATION, | ) JURY DEMAND |
| Defendant. | ) |

## COMPLAINT

Stephanie McLean, for her cause of action against Defendant, MusclePharm Corporation, states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Stephanie McLean is a resident of the State of Tennessee currently residing in Lewisburg, TN.

2. Defendant, MusclePharm Corporation is a Nevada for-profit corporation with its principal office located at 4721 Ironton St. Unit A, Denver, CO 80239-2422. MusclePharm may be served through its registered agent for service of process, Gary Thomspon, 200 Beasely Drive, Franklin, TN 37064-3908.

3. Jurisdiction and venue are proper in the Chancery Court of Williamson County as this claim for employment discrimination, brought pursuant to the Tennessee Human Rights Act, T.C.A. §4-21-401 *et. seq.* arises out of Plaintiff's employment at MusclePharm's distribution center located in Franklin, TN.

EXHIBIT B

1

## FACTUAL ALLEGATIONS

4. Defendant MusclePharm is an online sports nutrition and supplement seller and supplier. MusclePharm has a distribution center located in Franklin, TN.

5. Plaintiff is an African American female former employee of Defendant who worked at the Franklin distribution center.

6. Plaintiff was initially hired in March, 2013 as a checker verifying orders earning $13.25 per hour. Employees at MusclePharm were instructed not to discuss pay. Employees thought to be violating that policy were threatened with termination.

7. While a checker, Plaintiff excelled at her job and was responsible for training new employee checkers. While in that role MusclePharm hired at least two male checkers for permanent positions that Plaintiff had trained and started them earning more per hour than Plaintiff.

8. Because Plaintiff excelled in her position she was promoted to Inventory and then to Receiving Clerk. While she was given more responsibility, she was not given a raise in pay.

9. On several occasions Plaintiff confronted the Warehouse Manager, Gary Thompson, regarding her rate of pay in comparison to the men she had trained. Rather than take steps to remedy the situation Mr. Thompson suggested the men were lying about their rate of pay. He also indicated that inventory was in disarray and he could not increase her rate of pay. However, when inventory was completed it proved to be better than anyone expected. Nevertheless, Mr. Thompson told Plaintiff he could not give her a raise until her scheduled performance evaluation in March, 2014. He then delayed her evaluation until July, 2014.

10. As a result of the July, 2014 evaluation Plaintiff was given a raise of 27 cents per hour which made her hourly rate of pay $13.52, still less than the men she had trained and other men working as checkers, and less than other men performing the same or substantially similar job duties. The men were also given raises which kept their pay above plaintiff's rate.

11. On August 1, 2014 Plaintiff emailed Mark Miller, Vice President of Supply Chain, and again voiced her complaints about pay equality. In October, 2014 Plaintiff spoke with Sarah Jeffers, Human Resources, and told her that she felt she was being discriminated against because men were making more than she. Again, nothing was done by Defendant to remedy the discriminatory conduct.

12. In December, 2014 MusclePharm began adopting written job descriptions. The job description given to Plaintiff by Defendant did not match her actual job so she initially refused to sign it. Many other employees had similar complaints about their job descriptions. The conversations among employees about their job descriptions and rate of pay further confirmed to Plaintiff that as a female she was being paid less than a number of men with the same or similar job responsibilities who had been there less time than she, some of whom she had actually trained.

13. Realizing that her repeated complaints of unfair treatment were not going to be remedied by Defendant, Plaintiff submitted her letter of resignation effective December 31, 2014. The letter of resignation cited that she had brought the fact that she was being treated unfairly and not being treated equally as an employee to MusclePharm's attention on many occasions, lack of respect, feeling taken advantage of, and threats of losing her job as reasons for her resignation.

## COUNT I – GENDER DISCIMINATION

14. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

15. The above described conduct is gender discrimination in violation of the Tennessee Human Rights Act, T.C.A. §4-21-401 *et. seq.*

16. Plaintiff is a female and member of a protected class. Plaintiff was paid less than her male counterparts who were performing the same or substantially similar work. Said conduct constitutes gender wage discrimination for which Defendant is liable. Plaintiff complained about the discriminatory conduct on numerous occasions and without remedy and was left with no alternative but to resign.

17. Plaintiff has suffered damages, including back pay, and compensatory damages for humiliation and embarrassment.

WHEREFORE, premises considered Plaintiff prays judgment be entered against Defendant for gender discrimination and she be awarded damages for back pay, compensatory damages, front pay if appropriate, in an amount not to exceed $100,000.00 plus her attorneys fees and costs incurred in bringing this action.

4

Respectfully submitted,

MCCUNE ZENNER HAPPELL, PLLC

_____
MATHEW R. ZENNER (#018969)
5200 Maryland Way, Suite 120
Brentwood Tennessee 37027
Telephone: (615) 425-3476
Facsimile: (615) 251-6958
Email: mzenner@mzhlawfirm.com